DONALD JAMES SCHNEPP, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5393

February 5, 1968                         437 P.2d 84

*Howard F. McKissick, Jr.,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, COLLINS, J.:

Appellant Schnepp was convicted of first degree burglary. His appeal contends it was error for the trial court to admit in evidence his answers to two questions asked of him by an officer prior to his arrest. We disagree and affirm the conviction.

Schnepp was previously convicted of the same crime. That conviction was affirmed on appeal, Schnepp v. State, 82 Nev. 259, 415 P.2d 619 (1966). However, in a post-judgment attack on the conviction by habeas corpus, he was granted a new trial. Schnepp v. Fogliani, 83 Nev. 131, 425 P.2d 141 (1967). He was retried, convicted and this appeal resulted.

The circumstances of the offense are well stated in the first Schnepp opinion in 82 Nev. at page 259, and we quote therefrom with slight modification:

"At approximately 9:00 p.m., April 23, 1965, the manager of Jimmy's Motel, Reno, Nevada, observed a man leaving an unoccupied room in the motel carrying a large object. The manager ran to the room and found the television set missing and called the police.

"The police dispatcher immediately broadcast the reported burglary, gave the location of the crime, stated that a television set had been taken, and reported that the culprit had left in an automobile. An officer in the immediate vicinity responded. Some two to five minutes after the broadcast, the officer arrived at the scene and observed defendant's automobile approximately one-half block west of the motel moving at a slow speed. This was the only car on the street at the time, had an Oregon license plate tied loosely on by wire, and its occupants were seated crowded against their respective doors. After

radioing for assistance, the officer stopped defendant's car. The defendant came running back to the police car, but the officer worked his way up to defendant's car to get a better look at the passenger. When alongside, the officer observed a television set partially covered with a sweater on the front seat. Defendant stated, 'I don't know who it belongs to.'[1]

"Two other officers came to the aid of the officer who stopped the car, and they requested the passenger in defendant's automobile to remove himself from the car. At that time, one of the officers also observed the TV set on the seat.

"The defendants were then arrested for first degree burglary."

Two principal points are assigned as error:[2]

(a) The doctrine of Miranda v. Arizona, 384 U.S. 436 (1966), applies to a retrial taking place after June 13, 1966, the effective date of the Miranda rule announced in Johnson v. New Jersey, 384 U.S. 719 (1966).

(b) The trial court wrongfully admitted in evidence Schnepps' two answers of "I don't know" in the absence of a Miranda warning from the officer who interrogated him.

We shall deal only with assigned error (b) because it is dispositive of the appeal.

We conclude that although the answers "I don't know" were in response to police propounded questions, neither the questions nor the answers were "custodial interrogation" and thus totally without the purview of the Miranda doctrine. The United States Supreme Court has defined "custodial interrogation" as "questioning instituted by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda v. Arizona, supra, at page 444. The questions directed to Schnepp by the officer were proper, pre-custody inquiries, investigative and non-coercive in nature, and justified by the circumstances as a legitimate police practice. Brown v. United States, 365 F.2d 976 (D.C. Cir. 1966); White v. United States, 222 A.2d 843 (D.C. App. 1966); Washington v. Persinger, 433 P.2d 867 (Wash. 1967); 1 Cr.L.Rep. 2082 (N.Y. Sup.Ct.App.Div. 1967); Dixon v. State, 1 Cr.L.Rep. 2304 (Md.App. 1967). Also see State v. Billings, 84 Nev. 55, 436 P.2d 212 (1968).

---

[1]The record indicates Schnepp was asked two questions, (1) to whom did the television set belong; and (2) how did it get into the car? Schnepp answered, "I don't know" to both questions.

[2]Other errors were urged by counsel which we decline to consider because they were either conceded to be not well taken or would not affect the result announced.

We never reach assigned error (a) and express no opinion upon the point. We shall consider it when a proper case is presented to us.

Appellant's counsel was appointed to take this appeal. We direct the lower court to give him the certificate specified in subsections 3 and 4 of NRS 7.260, to enable him to receive compensation for his services on appeal.

The conviction is affirmed.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.