Commonwealth *v.* Dews, Appellant.

Submitted January 2, 1968. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

John J. King, for appellant.

Leslie J. Carson, Jr. and Alan J. Davis, Assistant District Attorneys, Richard A. Sprague, First Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 15, 1968:

Appellant William Dews was convicted by a jury of second degree murder; a sentence of 10 to 20 years was imposed in June of 1958. No posttrial motions were filed and an appeal was therefore not taken. Dews subsequently filed a 1967 petition under the Post Conviction Hearing Act.[1] By order dated May 16, 1967 appellant was given leave to file new trial and arrest of judgment motions nunc pro tunc. It is from the denial of those motions that he now appeals.

Several of appellant's complaints require but brief discussion. He asserts that court appointed trial counsel were incompetent. A careful examination of the

---

[1] Appellant's prior per se habeas corpus petition resulted in an affirmance without opinion by this Court of the lower court's denial of relief. See Commonwealth ex rel. Dews v. Maroney, 421 Pa. 631, 220 A. 2d 338 (1966).

trial record discloses no conduct even closely approximating the standard of *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967). Furthermore, at the post-conviction hearing appellant stated that this claim was based upon the failure of trial counsel to file new trial motions or appeal. Assuming arguendo that counsel's representation was in this aspect ineffective, the remedy is not a new trial but, as was done by the court below, permission to file new trial motions nunc pro tunc.

Dews insists that the Commonwealth suppressed evidence and employed perjured testimony. The suppression claim is based upon appellant's belief that a taxicab driver would have corroborated appellant's testimony that one Harriet Jones was in possession of the murder weapon. Not only was there no showing at the hearing that the driver would have so testified, but others in the cab testified that none of them knew the contents of a paper bag in which Miss Jones was allegedly carrying the weapon. Under these circumstances it is unrealistic to assume that the cab driver could have proffered any testimony helpful to the defense. Appellant's perjury claim rests upon his belief that Laura Miles, an eyewitness who testified that appellant fired the fatal shot, had lied under oath. Assessment of her credibility was a jury function and appellant's bare allegation does not demonstrate that this testimony was perjured.

It is also asserted that the Commonwealth failed to prove the corpus delicti. In a murder prosecution, the Commonwealth must prove that the alleged victim is dead and that the death was the result of a criminal agency. See *Commonwealth v. Maybee*, 429 Pa. 222, 239 A. 2d 332 (1968). The post-conviction hearing judge adequately disposed of this contention: "George Pollard, Mary Pollard and Laura Miles who were in

the house with Walter Alexander at the time of the shooting testified as to the shooting of Walter Alexander. Officers Coughlin and Logan testified as to the bullet wound. Officers Marchak and Kunzig testified that they took the decedent to the hospital and that he was pronounced dead on arrival. The decedent's mother later identified the body.

"Doctor John Hagarty described the massive hemorrhage from which the decedent died and stated that the missile track (bullet wound) caused the hemorrhage and that this was the only cause he found. The above facts clearly prove beyond a reasonable doubt that Walter Alexander was killed as a result of a felonious act."

Appellant next contends that he was denied the right to be present at several proceedings involved with his trial. The trial and preliminary hearing records show that defendant was present and disclose no other proceedings associated with appellant's conviction. Although Dews was not represented at his preliminary hearing, he there pled not guilty and did not testify. Under these circumstances, the hearing was not a critical stage of the proceedings and lack of counsel therefore can form no grounds for complaint. See, e.g., *Commonwealth ex rel. Booker v. Maroney*, 424 Pa. 394, 227 A. 2d 168 (1967).

The last two grounds for appellant's new trial motions are concerned with alleged deficiencies in the jury charge. The trial judge explicitly told the jury that "the facts in this case do not indicate voluntary manslaughter . . . [and] I instruct you to disregard that grade of the offense." Appellant, however, contends that he was entitled to an instruction permitting the jury to return a verdict of voluntary manslaughter. The law in this area has been settled by *Commonwealth v. Pavillard*, 421 Pa. 571, 576, 220 A. 2d 807, 810

(1966) : " 'Failure of the trial judge to submit to the jury voluntary manslaughter as a possible verdict was not error. Where there is some evidence which would reduce the crime to voluntary manslaughter, defendant is entitled to have the jury instructed upon the subject: [citation omitted]. But where there is no evidence of manslaughter, it is proper for the court to refuse to submit to the jury the issue of manslaughter.' " The only possible ground for a manslaughter charge was testimony by appellant's brother that one month prior to the murder the deceased, in company with four others, badly beat him (the brother). That the deceased took part in this beating was apparently communicated to appellant. It has been long settled in this Commonwealth that, if the accused has had time to "cool," the alleged provocation is not sufficient to generate that degree of passion necessary to form the basis of a voluntary manslaughter verdict. Nor can the accused, by recalling some past injury or insult, establish a foundation for a manslaughter verdict. See, e.g., *Commonwealth v. Gelfi,* 282 Pa. 434, 128 Atl. 77 (1925) ; *Commonwealth v. Russogulo,* 263 Pa. 93, 106 Atl. 180 (1919). We feel confident in holding as a matter of law that one month is sufficient time to cool. There was therefore no evidence of voluntary manslaughter and the refusal of the trial court to charge on this degree of homicide was proper.[2]

---

[2] At least one case holds that a beating administered to a friend of the accused even if done immediately before the killing does not constitute sufficient provocation. See *Commonwealth v. Paese,* 220 Pa. 371, 69 Atl. 891 (1908). We also note that appellant's version of the shooting, i.e., Harriet Jones fired the shot and did so without any cooperation by appellant, does not justify a manslaughter charge.

Finally, appellant suggests that the second sentence of the charge was error: "Under our law, all murder is presumed to be murder in the second degree, and the burden is upon the Commonwealth to prove to you jurors that it is first degree murder." The basis of his attack is a statement contained in *Commonwealth ex rel. Johnson v. Myers,* 402 Pa. 451, 454, 167 A. 2d 295, 297, cert. denied, 366 U.S. 921, 81 S. Ct. 1099 (1961): "We also take this occasion to disapprove the use hereafter of any instruction to the jury on an indictment for murder that all felonious homicide is *presumed* to be murder in the second degree." (Emphasis in original.) Not only was the charge here given a correct statement of Pennsylvania law and that given in *Johnson* incorrect, but *Johnson* operates prospectively from the date of that decision. See *Commonwealth v. Jordan,* 407 Pa. 575, 181 A. 2d 310 (1962). Dews was tried well before the *Johnson* decision, and accordingly cannot assert *Johnson* as the basis for reversal.

Furthermore, while in some circumstances a charge which instructs the jury in terms of presumptions might cause confusion, there was no *possible* prejudice to appellant.[3] Since the only permissible verdicts were not guilty, murder in the second degree or murder in the first degree, we fail to see how the jury could have been misled in any fashion by the Court's statement that all murder is presumed to be second degree murder. Clearly, the charge was more than adequate to

---

[3] It is even arguable that the charge given was more favorable to the accused than that requested by appellant in point 5 of his requested points for charge: "Every *unlawful killing* is presumed to be murder in the second degree, and if you find from the evidence that the defendant is guilty of murder, then it is your duty to find him guilty of murder in the second degree only, unless you are convinced beyond a reasonable doubt that he is guilty in a higher degree." (Emphasis supplied.)

demonstrate that it was the Commonwealth's burden to prove murder in *any* degree. The trial judge, incorporating one of the appellant's points for charge, stated: "It is not sufficient that you may believe that the circumstances or physical surroundings pointing to guilt create a probability or even a strong probability of the defendant's guilt; but to convict defendant you must be convinced by the evidence beyond a reasonable doubt that the circumstances exclude to a moral certainty every other hypothesis except that of guilty."

The order of the Court of Oyer and Terminer of Philadelphia County is affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.