Commonwealth *v.* Brown, Appellant.

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Marvin I. Block,* for appellant.

*Samuel T. Swansen* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 23, 1969:

In June 1960, the appellant, William Brown, was convicted by a jury in Philadelphia County of assault with intent to rob and aggravated assault and battery. Prison sentences were imposed in each case to run consecutively. No appeal was entered from the judgments.

In 1968, Brown filed a petition seeking post-conviction relief. The petition was dismissed by the trial court after a hearing. An appeal to the Superior Court resulted in an order of affirmance without opinion. We have before us a petition requesting allocatur which we now grant.

In his petition seeking post-conviction relief, Brown alleged, inter alia, that he was not informed by his trial counsel or by the court of his right to the assistance of counsel for the purposes of filing and prosecuting an appeal from the 1960 convictions and judgments; and that he personally was not aware of those rights at the pertinent time. He repeated those assertions at the hearing on his petition. The Commonwealth offered no testimony to refute this allegation and testimony, nor are there any facts in the record anywhere to establish anything to the contrary. Under the circumstances, the orders of the courts below must be reversed and the record remanded to the court of original jurisdiction to give the appellant the op-

portunity of filing post-trial motions nunc pro tunc and the opportunity to appeal if an adverse decision is entered. See *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968), and *Commonwealth v. Mumford*, 430 Pa. 451, 243 A. 2d 440 (1968).

It is so ordered.