107 N.J. Super. 36 (1969)
256 A.2d 730
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT
v.
ROBERT MARS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1969.
Decided September 18, 1969.
*37 Before Judges CONFORD, COLLESTER and KOLOVSKY.
*38 Mrs. Susan T. Sinins, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Richard M. Altman, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Defendant was convicted as one of two robbers who held up an A. & P. store in Newark. Three employees of the store identified defendant at trial as one of the culprits. The State also offered evidence of separate pretrial identifications of defendant by two of the employees at the police station about a week after the crime.
On objection by defendant to the testimony as to the out-of-court identifications as being unfairly suggestive, the court conducted three hearings out of the presence of the jury, one with respect to the testimony of each of the two employees, and one as to the confirmatory testimony of Newark Police Detective Lucarella. After each hearing the court found the circumstances of the out-of-court identification involved not to be unfair,[1] and the witness then substantially repeated his testimony before the jury.
There was no objection by defendant at trial to the in-court identifications as "tainted" by the out-of-court confrontations between defendant and the identifying witnesses. See United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Consequently no hearing was had or findings made on such an issue at trial.
On this appeal defendant argues both that the preliminary trial court determinations as to fairness of the out-of-court *39 identifications were mistaken and that the in-court identifications were tainted by the circumstances as to the former, i.e., that the identifications in court were not shown by the State to have been based upon observations of the suspect other than those at the out-of-court confrontation. Wade, supra (388 U.S., at 240, 87 S.Ct. 1926).
We observe, preliminarily, that defendant should be required, in accordance with ordinary practice, to have laid a basis at trial for an appellate argument of taint under Wade, absent plain error, which we do not find here. He did not do so, as already noted.
The argument that the out-of-court identifications were made under impermissibly suggestive circumstances is based, primarily, on the fact that the witnesses were permitted to see the suspect alone in a room at the police station (or with only a white detective, defendant and the culprits being Negro). The witness was not observable by the subject. Defendant also stresses that the detective told each of the identifying witnesses before the identification that he "thought he might have the man," or words to that effect.
We consider that the criterion laid down by the United States Supreme Court for invalidating unfairness of use of photographs in out-of-court identifications, in Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), is fairly applicable to invalidating unfairness, generally, in-out-of-court identification procedures. This is: "if the * * * identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." See also State v. Matlack, 49 N.J. 491, 498 (1967); Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), both stressing the need for consideration of the totality of the surrounding circumstances.
Judged by these criteria, we find no basis for disturbing the trial judge's finding of validity of the out-of-court *40 identification procedures here employed. While the circumstances relied on by defendant tend toward the possibility of undue suggestibility as indicated in Wade and Stovall, supra, see also State v. Woodard, 102 N.J. Super. 419 (App. Div. 1968), certif. den. 53 N.J. 64 (1968), there are the countervailing circumstances stressed by the trial judge that the witnesses had previously seen and failed to make identification from many photographs of suspects shown them as well as of other live suspects exhibited to them.
Strengthening the reliability of witness Bassett's identification is the fact that when shown various photographs he made a tentative identification from one, but reserved final judgment until he could see defendant in person.
Our review function is to decide whether, considering the evidence as a whole, the trial judge could reasonably conclude that the identification procedure withstood attack under the Simmons and Matlack criteria discussed above. We find that he could.
Defendant also challenges the denial of his motion for mistrial after Detective Lucarella testified, before the jury, that Bassett had made a tentative out-of-court identification of defendant from a police gallery which Lucarella had previously said consisted of police photographs of men with prior records. We hold that defendant made his objection on this point at trial far too late. The questioned testimony before the jury was a repetition of testimony to the same effect previously given by Lucarella at the hearing out of the presence of the jury (partly on cross-examination). Defendant should therefore reasonably have anticipated it would be adduced again during trial before the jury. Yet he made no objection when Lucarella was asked to, and did, describe the contents of the police gallery before the jury. Only when the witness got to the matter of the tentative identification of defendant did the defendant object and later move for mistrial. Had timely objection been made, *41 the court might have been in a position to make a protective ruling to avert any undue prejudice. In any event, we find no substantial prejudice in the incident. R.R. 1:5-1 (a), (b). (revised but substantially to same effect. R. 2:10-2).
Judgment affirmed.
NOTES
[1] Correct practice would appear to call for adducing the testimony of all witnesses on both sides as to any particular identification at one time, with a single determination by the judge thereon as to absence of invalidating unfairness.