**Donald James SCHNEPP, Appellant,**

v.

**Carl HOCKER, Warden, Nevada State Prison, Appellee.**

**No. 23958.**

United States Court of Appeals,
Ninth Circuit.

July 6, 1970.

Rehearing Denied Aug. 24, 1970.

Donald James Schnepp in pro. per.

Harvey Dickerson, Atty. Gen., C. B. Tapscott, Chief Asst. Atty. Gen., Carson City, Nev., for appellee.

Before BARNES, HAMLEY and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

Donald James Schnepp appeals from a district court order denying his application for a writ of habeas corpus.

Schnepp was convicted in a Nevada state trial court on a charge of burglary. The Nevada Supreme Court affirmed his conviction. Schnepp v. State, 82 Nev. 257, 415 P.2d 619 (1966). That court, responding to an application for a writ of habeas corpus, later granted Schnepp a new trial because of a trial incident not relevant here. Schnepp v. Fogliani,

83 Nev. 131, 425 P.2d 141 (1967). At his second state trial, Schnepp was again convicted, and this conviction was also affirmed on appeal. Schnepp v. State, 84 Nev. 120, 437 P.2d 84 (1968).

■ Schnepp then commenced the federal habeas proceeding now before us. The warden moved to dismiss the application on the ground that several issues presented by Schnepp failed to present substantial federal questions and that, as to the remaining issues, the undisputed facts established that he had not been deprived of any constitutional right.[1] The district court, without affording Schnepp a hearing, granted the warden's motion and denied the application. This appeal followed.

■ Several of Schnepp's points on appeal relate to what transpired at the time of Schnepp's arrest. Since no evidentiary hearing was held, we set forth, in substance, Schnepp's version of that incident.[2]

At approximately 9:00 p.m., April 23, 1965, Betty Steen, the manager of Jimmy's Motel in Reno, Nevada, observed a man leaving an unoccupied unit of the motel carrying a large object. She ran to the room, discovered a television set missing, and called the police. The police dispatcher immediately broadcast the reported burglary. He gave the location of the crime, stated that a television set had been taken, and reported that the burglar had left in an automobile.

Paul Paulson, a Reno police officer, patrolling in the immediate vicinity, responded. Arriving at the scene a few minutes after the police broadcast, he observed an automobile, with two occupants in the front seat, being driven at a slow rate of speed about one block west of the motel. This was the only automobile on the street in that vicinity. Officer Paulson noted that an out-of-state license plate was wired on the car and that the two occupants were seated against their respective doors.

Officer Paulson radioed for assistance and then stopped the automobile. The driver, who turned out to be Schnepp, got out of his car and hurried back to the police car. The officer walked up to Schnepp's car and looked inside. He saw a large object on the front seat. Removing a sweater covering the object, Officer Paulson discovered a television set.[3]

At trial, Officer Paulson testified that after Schnepp had stepped out of his car on the street, he asked Schnepp "How did the television set get in the car?," and "Who does the television set belong to?" According to Paulson, Schnepp answered "I don't know" to both questions. Paulson had not previously given Schnepp any notice of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966).[4]

■ Schnepp argues that it was a denial of his Fifth Amendment privilege against self-incrimination for the prosecution to introduce in evidence the statements made by him on the street after his arrest. But Miranda was decided June 13, 1966, subsequent to Schnepp's first trial. The Miranda rule is not applied retroactively, and therefore

1. Since the warden submitted matters in support of his motion to dismiss that were outside the pleadings and that were not excluded by the district court, the motion must be treated as one for summary judgment. Fed.R.Civ.P. 12(b).

2. An evidentiary hearing is not required if the facts, construed in the light most favorable to the petitioner, as a matter of law do not entitle him to a discharge. E. g., Wright v. Dickson, 336 F.2d 878, 881 (9th Cir. 1964). See also, United States v. Tweedy, 419 F.2d 192, 193 (9th Cir. 1969).

3. This was the version Officer Paulson gave at the preliminary examination. At the two trials he testified that he recognized the object as a television set before he lifted the covering.

4. At the preliminary examination, Officer Paulson testified that this interrogation occurred after Schnepp's arrest. In his subsequent testimony at the two state trials, he testified that the questioning preceded Schnepp's arrest.

Schnepp did not have the benefit of that rule at his first trial. Johnson v. New Jersey, 384 U.S. 719, 721, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). And while Schnepp's second trial took place subsequent to *Miranda*, it was only a retrial, as to which the nonretroactivity rule also applies. Jenkins v. Delaware, 395 U.S. 213, 214, 89 S.Ct. 1677, 23 L.Ed.2d 253 (1969).

It follows that Schnepp was not entitled to rely on *Miranda* at his second trial. He does not suggest any other reason why the introduction of evidence concerning this interrogation was improper.

The search of Schnepp's car, consisting of the removal of the covering over the television set, was not made pursuant to a search warrant. At trial the question therefore arose as to whether, notwithstanding the lack of a search warrant, the search was reasonable because pursuant to a valid arrest. This, in turn, called for a determination of whether Officer Paulson had probable cause to make the arrest prior to uncovering the television set.

The Nevada trial court at the first trial placed the burden of showing lack of probable cause on Schnepp. Schnepp argues that this procedure entitles him to habeas relief on two grounds. First, he challenges the holding of the Nevada Supreme Court in Schnepp v. State, 82 Nev. 257, 415 P.2d 619 (1966), that the trial court's error at the first trial in placing the probable cause burden on him was harmless. And second, he claims that this error infected the second state trial, because at that trial the judge relied on his previous erroneous probable cause decision.

██ Any burden of proof error on this issue at the first trial was cured by what transpired at the second trial.[5] At the latter trial, the state (not Schnepp) put on Officer Paulson, who gave at length, and on direct, his version of the incident in question. Schnepp's counsel then objected on the ground that probable cause had not been established. No burden of proof question arose; the objection did not request that the prosecution first establish probable cause. And, Schnepp's counsel apparently had as much opportunity as he wanted to cross-examine Paulson on voir dire (the jury having retired during argument on this point). Defense counsel was not, despite Schnepp's assertion to the contrary, required to make Paulson his own witness in order to go into the matter of probable cause.

Furthermore, the record suggests that the trial judge at the second trial did not rely on his erroneous probable cause burden of proof ruling in the first trial. The trial judge apparently ruled on this point on the basis of the evidence produced and the arguments offered at the second trial. It is true that at the second trial the court did rely on its *Miranda* ruling at the first trial and on the Nevada Supreme Court's approval of that ruling. However, as noted above, both of Schnepp's state trials are outside the scope of *Miranda's* limited retroactivity.

Burden of proof problems aside, Schnepp argues that Officer Paulson did not in fact have adequate probable cause

5. The burden of proof of probable cause to justify a warrantless arrest and search lies on the prosecution, not the defendant. *See, e. g.,* Beck v. Ohio, 379 U.S. 89, 97, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Cohen v. Norris, 300 F.2d 24, 32 (9th Cir. 1962).

At one point in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Court observed:

"If the state trial judge has made serious procedural errors (respecting the claim pressed in federal habeas) in such things as the burden of proof, a federal hearing is required." *Id.,* at 316, 83 S.Ct., at 759.

However, for the reasons stated in text below, we believe that the trial court's burden of proof error at the first trial was not repeated at the second. Or at least it can be said that what transpired at the second trial did not amount to a "serious procedural error." Furthermore, as we stated in note 2, we are giving Schnepp the benefit of the doubt as to what would be developed at an evidentiary hearing, since we are taking the facts to be as he alleges them.

to arrest (and thus to search without a warrant) at the time that he removed the sweater covering the television set. Schnepp contends that the arrest occurred the moment Paulson stopped defendant's car, and that at that instant the officer did not have probable cause to believe that Schnepp had committed or was committing a felony.

■ We assume that the arrest occurred when Paulson ordered Schnepp's car over with his red light,[6] although there is authority to the contrary.[7] At that moment, Officer Paulson had the following elements of probable cause to believe that the occupants of Schnepp's car had just committed a felony: (1) a radio report from the police dispatcher of a theft of a television set, (2) which was based on an eyewitness report, (3) by the victim of the theft,[8] (4) the radio report stating that the suspects had left in an automobile, (5) from the immediate vicinity of where Paulson observed the Schnepp vehicle. Furthermore, (6) Schnepp's automobile was the only one visible as Paulson drove up to the scene, (7) it bore an out of state license plate that was merely wired on (and thus easy to detach and discard), and (8) the two passengers were crowded against their respective doors as though separated by a large object on the seat between them.

In our estimation, these leads, considered together, amounted to adequate probable cause under Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The facts available to Paulson at the moment of the arrest, of which he had reasonably trustworthy information, as noted above, "* * * were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Id.*, at 91, 85 S.Ct., at 225.

Schnepp also argues that he is entitled to habeas relief because the state did not provide him with counsel at the preliminary hearing that preceded his first burglary trial. The warden responds that Schnepp did not exhaust his state remedies on this claim. Our examination of the record indicates to the contrary; Schnepp raised this issue in a "Supplementary Habeas Corpus Petition" filed with and denied by the Nevada Supreme Court on August 24, 1966.

As noted above, Officer Paulson arrested Schnepp on April 23, 1965. The prosecutor arraigned him on April 28, 1965, at which time the magistrate advised Schnepp that if he was to be represented by counsel at his subsequent preliminary examination, he must retain counsel at his own expense. The preliminary examination was held on June 1, 1965, and a transcript of that hearing is in the record before us. Schnepp was not represented by counsel at that examination. The state produced two witnesses who gave brief testimony concerning the burglary and Schnepp's apprehension. Schnepp cross-examined both witnesses.

The magistrate then advised Schnepp that he had a right to make a statement without oath, not subject to cross-examination, but that he was not obliged to and that if he did not, such failure could not be used against him. The magistrate also advised Schnepp that, if he preferred, he could testify under oath and in that event would be subject to cross-examination. The magistrate told Schnepp that anything he said in an unsworn statement, or in testimony under oath, could be used against him. Schnepp chose not to make a statement or to give testimony.

---

6. *See*, Henry v. United States, 361 U.S. 98, 103, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

7. *See*, United States v. Jackson, 423 F.2d 506, 507–508 (9th Cir. 1970); Wilson v. Porter, 361 F.2d 412, 414–415 (9th Cir. 1966); Busby v. United States, 296 F.2d 328, 330–331 (9th Cir. 1961); Gil-

liam v. United States, 189 F.2d 321, 323 (6th Cir. 1951): Department of Justice, Manual on the Law of Search and Seizure 34–35 (1970). *Cf.* Rios v. United States, 364 U.S. 253, 261–262, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960).

8. *Cf.* Pendleton v. Nelson, 404 F.2d 1074, 1075 (9th Cir. 1968).

 Applying the relevant considerations, as recently announced by the Supreme Court in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), we conclude that, in Nevada, a preliminary hearing is a "critical stage" of that state's criminal process, as to which the accused is entitled to the assistance of counsel. It follows that, unless we can determine from the record before us, beyond a reasonable doubt, that Schnepp was not prejudiced by the absence of counsel at the preliminary hearing, we must remand the cause to the Nevada courts to determine whether such denial of counsel was harmless error. See Coleman v. Alabama, *supra*; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

 The record before us, in our opinion, establishes beyond a reasonable doubt that the denial of the assistance of counsel at Schnepp's preliminary hearing was harmless error. At that hearing, Schnepp was not required to enter a plea, testify, or make a statement, and he did none of these. He did not waive any right or defense.[9] Any discovery purpose the preliminary examination might have served, had Schnepp been represented by counsel, was adequately fulfilled by the first state trial where Schnepp did have counsel.

Thus, there was no possibility that "* * * counsel's absence might derogate from the accused's right to a fair trial." United States v. Wade, 388 U.S. 218, 226, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1967). Accordingly, we hold that the absence of counsel to assist Schnepp at the preliminary hearing preceding Schnepp's first burglary trial was harmless error within the meaning of Coleman v. Alabama.

Schnepp's remaining points raise no substantial federal questions.

Affirmed.

---

9. Schnepp makes only one concrete claim of prejudice due to absence of counsel at the preliminary hearing. At that hearing, Officer Paulson gave testimony indicating that he first lifted up the sweater covering the object on the front seat of Schnepp's car and then noticed that the object was a television set. At the two subsequent trials, Paulson's testimony was to the effect that he could perceive, as he approached the car, that a television set rested on the front seat—*i. e.*, that he recognized the object before he removed its covering. See note 3.

Schnepp argues that "due to the denial of counsel at the preliminary the appellant could not use the preliminary records to impeach the testimony at a later trial." This contention is directly contradicted by the transcript of the second state trial. In the course of structuring a constitutional objection to the seizure of the television set, Schnepp's counsel at the second trial impeached Officer Paulson with the record of the latter's testimony at the preliminary hearing about the television set.