Commonwealth *v.* Brown, Appellant.

Argued June 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Alan J. Davis,* with him *Wolf, Block, Schorr and Solis-Cohen,* for appellant.

*Arthur R. Makadon,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., Sepember 18, 1970:

Appellant and his codefendant were arrested and charged with two crimes, arising from two separate incidents: attempted robbery and assault and battery with intent to ravish. They appeared before a magistrate without counsel, where witnesses with respect to both crimes testified. With regard to the attempted robbery, both appellant and his codefendant were clearly identified as the perpetrators. With regard to the assault and battery with intent to ravish, however, only the codefendant was identified as one of two assailants. Appellant, in the words of the district attorney, "was not the other man." In fact, the victim clearly responded to the district attorney that "[t]hat is right. I never saw him."

At the conclusion of the magistrate's hearing, however, the notes indicate that both appellants were held "[w]ithout bail for Court," apparently on both charges. The magistrate's return, on the other hand, indicated that the codefendant was held for both crimes, while appellant was held for only the attempted robbery. Whether appellant, in fact, was held for assault and battery, we cannot ascertain at this level.

Following these proceedings, both appellant and his codefendant were indicted at No. 456 April Term, 1960, for assault and battery. At their joint trial on both charges, the codefendant appeared with counsel, but appellant had none. The trial judge appointed the voluntary defender on the spot. Unaware of the prior proceedings in the case, appellant's newly-appointed at-

torney failed either to move to quash the indictment charging assault and battery or to continue the trial pending transcription of the magistrate's notes. Instead he proceeded to trial, during the course of which he vigorously cross-examined the prosecutrix. This time, she identified appellant as one of her assailants. At no time did the district attorney, counsel, or the prosecutrix herself indicate that she had previously failed to identify appellant. She left the stand, unshaken and unimpeached.

Both appellant and his codefendant were convicted of the two charges against them. Appellant was sentenced to one to three years on the assault and battery, to follow a two to six year sentence on the attempted robbery. No post-trial motions were filed.

Subsequently, appellant filed a petition under the Post Conviction Hearing Act, alleging that he was denied effective assistance of counsel and that he did not competently and intelligently waive the right to appeal. Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1970). Following a hearing, his petition was denied. He appealed that denial to this Court, which affirmed. 213 Pa. Superior Ct. 771, 247 A. 2d 245 (1968). On appeal to the Supreme Court, the Court in a Per Curiam opinion reversed this Court and "remanded to the court of original jurisdiction to give the appellant the opportunity of filing post-trial motions nunc pro tunc and the opportunity to appeal if an adverse decision is entered." 434 Pa. 356, 357-358, 252 A. 2d 677, 678 (1969). The Court faced that one issue and that one issue alone in granting relief.

Pursuant to the order of the Supreme Court, appellant filed post-trial motions nunc pro tunc, alleging that the indictment against him was invalid. The trial court denied the motions and this appeal followed.

In appellant's post-conviction petition, he alleged counsel was ineffective because he failed to move to

quash the indictment charging assault and battery. In appellant's post-trial motions, he alleged the indictment was invalid because he was not held by the magistrate for the assault and battery. Underlying both contentions is one outstanding factor: no lawyer was available to act on appellant's behalf until trial. Accordingly, the question we face is whether reversible error was committed because appellant was not represented by counsel from the time of his preliminary hearing until time of trial.[1]

In *Coleman v. Alabama*, 399 U.S. 1, 90 S. Ct. 1999 (1970), the Supreme Court held that a preliminary

---

[1] Appellant's post-conviction petition was denied, which denial this Court affirmed. However, our order was reversed by the Supreme Court. We cannot assume that the Supreme Court affirmed that part of our order, sustaining the denial of the effective assistance of counsel claim, yet reversed that part of our order, sustaining the denial of the right to appeal. We must treat our order as being without any force.

On review of our order, the Supreme Court could have disposed of appellant's case by granting relief on the basis of his effective assistance of counsel claim. Yet the Court failed to do so, and instead it granted appellant the right to file post-trial motions nunc pro tunc. It is not clear from the Supreme Court's opinion that it was making two rulings. Hence, we should assume that the Court was making only one ruling and hence consider appellant's counsel's claim as still open for appellate consideration.

Of course, since *Commonwealth v. Beecham*, 438 Pa. 326, 265 A. 2d 372 (1970), with respect to petitions filed after May 11, 1970, we have become more strict as to the method whereby claims are raised. Section 3 claims must be raised in post-conviction petitions and reviewed by the appellate courts of this state on the basis of such petitions and any hearings held thereon. Such claims are not to be raised in post-trial motions nunc pro tunc. Thus, claims of ineffective assistance of counsel should, after May 11, 1970, properly be raised in post-conviction proceedings and be reviewed in review of such proceedings. Since appellant's post-conviction petition and post-trial motions were before May 11, 1970, he is not bound by *Beecham.*

hearing is a "critical stage" of a state's[2] criminal proceeding, at which the assistance of counsel is required in order to protect the fairness of the subsequent trial.[3] In deciding the retroactivity of *Coleman* we will be guided by another assistance-of-counsel case, *Stovall v. Denno*, 388 U.S. 293, 87 S. Ct. 1967 (1967). *Stovall* indicated that "[t]he extent to which a condemned practice infects the integrity of the truth-determining process at trial is a 'question of probabilities.' . . . Such probabilities must in turn be weighed against the prior justified reliance upon the old standards and the impact of retroactivity upon the administration of justice." Id. at 298, 87 S. Ct. at 1970.

The probability that the truth-determining process was affected by the lack of counsel at preliminary hearings is minimal in the vast majority of cases. Most witnesses' stories at the preliminary hearings remain the same at trial. Testimony favorable to the accused is usually not available at the preliminary stage of the proceeding for counsel to preserve. Discovery

---

[2] The Supreme Court decided that a preliminary hearing was necessary for reasons enunciated in note 3, *infra.* We see no difference in the Alabama and Pennsylvania procedure to indicate that *Coleman* does not apply to Pennsylvania.

[3] The reasons enunciated by the Supreme Court were: "First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case, that may lead the magistrate to refuse to bind the accused over. Second, in any event the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail." 399 U.S. at 9, 90 S. Ct. at 2003.

is also unlikely at such an early stage of the proceedings, since the Commonwealth has always been very reluctant to open its case much before trial. In addition, although foreshadowed, it was not until the Supreme Court decided *Coleman* that the presence of counsel was required at preliminary hearings. Cf. *DeSist v. United States,* 394 U.S. 244, 89 S. Ct. 1030 (1969). Moreover, the Pennsylvania Supreme Court had continually indicated that preliminary hearings were not a "critical stage" of a criminal proceeding and that lack of counsel could therefore "form no grounds for complaint." *Commonwealth v. Dews,* 429 Pa. 555, 239 A. 2d 382 (1968). Law enforcement officials generally and legitimately relied on what was the pre-*Coleman* rule. In light of these factors, we can only conclude that *Coleman* will not be applied retroactively,[4] and we so hold.

Despite our holding with respect to *Coleman's* retroactivity, appellant is entitled to a review of whether counsel's absence potentially created such substantial prejudice as to warrant reversal. See *Stovall v. Denno,* supra at 301-302, 87 S. Ct. at 1972-1973. It is evident from the record that had appellant been represented from the time of his preliminary hearing, counsel would have been aware of the fact that the prosecutrix had failed to identify appellant at the preliminary hearing. He could then have done several things. He might have moved to quash appellant's indictment on assault and

---

[4] There is other evidence to support this conclusion. On June 29, 1970 the United States Supreme Court denied certiorari in *Wetzel v. North Carolina,* 399 U.S. 934, 90 S. Ct. 2250 (1970). The Court's decision is contained in an order noting the disagreement of three justices based on their opinion, which is apparently not shared by the Court as a whole, that *Coleman* should be applied retroactively.

In addition, the Maryland Court of Special Appeals has recently held that *Coleman* is not to be applied retroactively. *Billings v. State,* 10 Md. App. 31, 267 A. 2d 808 (1970).

battery. An appropriate inquiry could then have been made to determine what action the magistrate, in fact, took. The magistrate's action notwithstanding, at trial, counsel might have cross-examined the prosecutrix with regard to her prior statements. She then might not have left the stand unshaken and unimpeached. What result either action by counsel would have had, we cannot tell at this juncture. Potentially, however, appellant was substantially prejudiced by counsel's failure to do either.

Accordingly, we vacate judgment of sentence and remand the record for a new trial and other proceedings consistent with this opinion.

WRIGHT, P. J., WATKINS, and JACOBS, JJ., dissent.