111 N.J. Super. 528 (1970)
269 A.2d 534
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DENNIS MOORE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1970.
Decided October 8, 1970.
*529 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Daniel R. Coburn, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
*530 Mr. David S. Baime, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
The opinion of the court was delivered by KOLOVSKY, J.A.D.,
Defendant appeals from his conviction, after a jury trial, of having, while armed with a knife, robbed one Littleton Morris.
The State's proofs showed that Morris was accosted by two men and a woman, all strangers to him, as he was walking along Howard Street, Newark, during the early hours of March 7, 1968. They demanded his money; when he refused, he was threatened with knives and forced to enter a first-floor room at 61 Howard Street. There he was relieved of his wallet, stripped of his clothing, beaten and then ordered to get dressed and return with more money. He left the premises and notified the police, who returned to the room with him. They found only a lighted room empty of occupants.
On the following day, March 8, Morris went to police headquarters. While walking with Detective Melillo into the municipal courtroom where he was to sign a complaint, Morris was told by Melillo that there were some people in the courtroom who on an earlier date had been arrested at the 61 Howard Street address. Melillo suggested that Morris look at the people in the courtroom to see if perchance any of his assailants were among them. Morris walked into the courtroom where there were, according to him, "a lot of peoples." (Defendant concedes that there were more than ten persons there.) Seated among the group was defendant, whom Morris identified as one of his assailants. It is uncontradicted that defendant was not then in custody. Defendant testified he had arrived at the courtroom after leaving his uncle's home in Brooklyn earlier that morning.
No objection was interposed when Morris made a definitive in-court identification of defendant nor when he and Melillo testified as to his out-of-court identification of *531 defendant. The first criticism thereof occurred during the course of defendant's argument for a dismissal at the end of the State's case. The objection then made was not timely; the objection should have been interposed when the identification testimony was offered and a request made for a voir dire hearing. See State v. Mars, 107 N.J. Super. 36, 39 (App. Div. 1969), certif. den. 55 N.J. 319 (1970); State v. Mustacchio, 109 N.J. Super. 257, 262 (App. Div. 1970). Nevertheless we prefer to deal with the merits of defendant's argument.
Defendant's motions to strike the identification testimony were bottomed primarily on a charge that the out-of-court identification procedure was "so unnecessarily suggestive and conducive to irreparable mistaken identification" that to permit such identification evidence to be used would deny defendant due process of law. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). That argument is not repeated on appeal; in any event, the trial court's rejection thereof finds full support in the record.
On appeal defendant argues, relying on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), that under the Sixth Amendment of the United States Constitution he was entitled to counsel when Morris' out-of-court identification was made. It was therefore, he says, not only error to deny his motions at the end of the State's case and at the close of all the evidence to strike the testimony of Morris and of Detective Melillo with respect to that identification but also error to refuse to strike Morris' in-court identification of defendant allegedly tainted by the "unconstitutional" out-of-court identification. We find no substance in the argument.
Defendant misconceives not only the scope of the Wade doctrine but also the issue we are called upon to decide in this case. That issue is not, as defendant's argument assumes, whether the Wade rule requiring the assistance of *532 counsel should be applied to pre-indictment confrontations as well as post-indictment confrontations.
Here we need not reach or decide that question to which the courts have given divergent answers. Some courts, noting that Wade involved a post-indictment lineup and that the Supreme Court's precise holding was that "for Wade the post-indictment lineup was a critical stage of the prosecution at which he was `as much entitled to such aid [of counsel] * * * as at the trial itself,'" Wade, supra, 388 U.S. at 237, 87 S.Ct. at 1937, have limited the requirement of counsel to post-indictment confrontations. See e.g., People v. Palmer, 41 Ill.2d 571, 244 N.E.2d 173 (Sup. Ct. 1969). Others have extended the rule to situations involving pre-indictment confrontations of an accused. See e.g. Rivers v. United States, 400 F.2d 935 (5 Cir.1968); State v. Edge, 111 N.J. Super. 182, 187 (App. Div. 1970); see also, however, State v. Thomas, 107 N.J. Super. 128, 133-135 (App. Div. 1969); State v. Matlack, 49 N.J. 491, 499 (1967), cert. den. 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967).
Where, as here, the out-of-court identification takes place during the investigatory phase of the case, before the defendant is arrested or taken into police custody, Wade does not in any event apply; the presence of counsel is not required.[*]Cf. State v. Butler, 256 A.2d 588, 590-591 (Me. Sup. Jud. Ct. 1969); United States v. Davis, 399 F.2d 948, 952 (2 Cir.1968), cert. den. 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 449 (1968); Bratten v. Delaware, 307 F. Supp. 643 (D. Del. 1969).
In the case before us there is even less basis for the claimed right to counsel than in Butler, Bratten and Davis, supra, in each of which the claim was rejected by the court, for here defendant was not even a suspect when the confrontation took *533 place. He was only one of a group of unknown people in a courtroom.
Finally, we find no merit in the second ground for reversal argued by defendant. The trial court was correct in ruling that the prosecutor's reference to the Public Defender's Office did not call for the grant of a mistrial.
The judgment of conviction is affirmed.
NOTES
[*] Indeed, even police custody does not trigger the right to counsel when the identification takes place in circumstances amounting to an on-the-scene confrontation. State v. Thomas, 107 N.J. Super. 128, 134 (App. Div. 1969) and cases cited therein; United States v. Davis, supra.