112 N.J. Super. 402 (1970)
271 A.2d 593
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAYMOND DUTTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1970.
Decided November 30, 1970.
*403 Before Judges KILKENNY, HALPERN and LANE.
Mr. William P. Gilroy, assigned attorney, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Gilroy, of counsel on the brief).
Mr. Edward R. Rosen, Asst. Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney; Mr. Elliot L. Katz, Asst. Prosecutor, of counsel on the brief).
The opinion of the court was delivered by HALPERN, J.A.D.
Defendant appeals from a judgment of conviction for atrocious assault and battery (N.J.S.A. 2A:90-1). His motion for a new trial was denied, and he *404 was sentenced to the New Jersey State Prison for a term of three to five years.
A brief summary of the facts is necessary to understand the issues raised by defendant. The State's proofs indicated that on March 5, 1969 the victim, Alex Perez, was employed as a dishwasher at the Neptune Diner in Neptune Township. At about 2 A.M. defendant came into the kitchen where Perez was working and refused to leave when directed to do so. An argument ensued, resulting in defendant stabbing Perez with a knife. In making his escape defendant kicked out a glass door in the diner. Within 15 minutes of the assault, while Perez was on a stretcher in the hospital, he saw the police bring defendant into the hospital for treatment of his cut hand. Without any prompting, Perez spontaneously identified defendant as his attacker. Perez' version of the attack was fully corroborated by Alphonso Spencer, a short-order cook in the diner, who was in the kitchen when the event occurred.
Defendant was charged with and convicted in the municipal court of malicious injury to property (N.J.S.A. 2A:170-36) for kicking out the diner door, a disorderly person offense. He was also charged with atrocious assault and battery for stabbing Perez, and was subsequently indicted by the grand jury and convicted by a petit jury.
At the trial, after the jury was sworn, defendant moved (a) to dismiss the indictment on double jeopardy grounds based on his prior conviction as a disorderly person, and (b) to suppress any evidence pertaining to an in-court identification by Perez since such was tainted by the alleged improper confrontation at the hospital. The court held a full hearing on the motions, out of the jury's presence, and denied them.
Defendant testified at the hearing of the motions (he did not testify during trial) and admitted seeing Perez in the diner. He denied stabbing Perez and contended Perez bumped into him and splattered coffee over him. In the ensuing fracas he accidentally cut his hand on a knife in *405 Perez' possession. He further admitted kicking out the door on leaving the diner, but denied the police testimony that he asked to be taken to the hospital for treatment.
We turn first to the plea of double jeopardy. There is no error in the court's ruling. The kicking out of the door and the stabbing of Perez are separate and distinct acts giving rise to two offenses. Whether the same evidence test or the same transaction test is used, the plea of double jeopardy is not applicable. State v. Currie, 41 N.J. 531 (1964). Nor is it fundamentally unfair to compel defendant to answer for the atrocious assault and battery charge merely because he was convicted as a disorderly person for kicking out the door. See State v. Cormier, 46 N.J. 494, 504 (1966).
By three separate points in his brief defendant contends the court erred in permitting the State to prove what transpired at the hospital confrontation because (a) the police testimony on identification bolstered the testimony of Perez; (b) he was not advised of his right to counsel, and (c) he was denied due process. These contentions are without merit. The testimony by the police and Perez concerning the confrontation at the hospital, which occurred within 15 minutes of the attack, was a proper on-the-scene identification. State v. Moore, 111 N.J. Super. 528 (App. Div. 1970); State v. Hamblin, 448 S.W.2d 603 (Mo. Sup. Ct. 1970). It was an unstaged event which can be classified as "virtually spontaneous" and not within the proscription of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). See Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). In any event, there was sufficient credible evidence in the record to support the court's determination on the subject. People v. Zabrocky, 26 N.Y.2d 530, 311 N.Y.S.2d 892, 896-897, 260 N.E.2d 529 (Ct. App. 1970). Before leaving the subject we point out that the issue of identification was really not in the case since defendant admitted being at the scene, but merely denied committing the stabbing.
*406 Defendant further contends that he was not advised of his right to counsel at the preliminary hearing, and since this was a critical stage of the proceeding there should be a reversal of his conviction because of the resulting prejudice. This argument is based on Coleman v. Alabama, supra. The record disproves defendant's naked assertion. The municipal magistrate testified that he advised defendant of all his constitutional rights, but that defendant knowingly and voluntarily waived his right to counsel at the preliminary hearing. Furthermore, there is nothing in the record to indicate defendant suffered any prejudice. If error existed, it was harmless. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Finally, Coleman was decided June 22, 1970, after the trial in the instant case. We are in accord with the views expressed in Commonwealth v. Brown, 217 Pa. Super. 190, 269 A.2d 383 (Pa. Super. Ct. 1970), that Coleman is not to be applied retroactively.
We have carefully examined defendant's other contentions charging error in that (a) the court refused to allow his coat to be admitted into evidence; (b) he was denied effective assistance of counsel; (c) the court's remarks were prejudicial, and (d) the verdict was against the weight of the evidence. We find no substance to any of these contentions.
Affirmed.