Commonwealth *v.* Taylor, Appellant.

Submitted September 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*H. LeRoy Larner,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., June 22, 1971:

In February 1968, appellant Herbert Taylor was indicted on a charge of rape and assault with intent to ravish. A preliminary hearing, at which appellant was not represented by counsel, was held on January 23,

1968. At the hearing, the prosecutrix's total testimony about the alleged rape, at the time of which she was 74 years old, was as follows: "A. He got in my window that night, in the back window and when I saw him I went to the front window and I got out the front window. Q. Do you know the defendant? A. Yes. That was about 4 a.m., I went out of the front window and I was yelling for help, he came through the front fence and he said 'you think that you are smart.' He told me to walk and so we walked to an empty lot on 12th Street and he told me to lie down and so I did and he unzippered his pants. *Then he told me to put it in me and I said that I was not going to touch it and I got up and I started to struggle with and I got away from him.* I was sitting on the church steps and this fellow came along and he walked me home and he helped me get back into my house. I also was cut. After I was in my house I went upstairs to Miss Archer's."

At jury trial on November 15, 1968, the prosecutrix testified that there was penetration, and she was cross-examined as to her lack of such testimony at the preliminary hearing. She insisted that she did tell the magistrate she had obeyed appellant's order to submit, and that the stenographer "got it wrong." No corroboration of this claim was offered. There was no medical evidence. Appellant was convicted of rape and received the maximum sentence of 20 years.

Many factors challenge the credibility of the prosecutrix's testimony. Despite her age, she claims that at 4 a.m. on December 4 she climbed out of her front window clad only in her nightgown and barefooted, and that at the appellant's direction, she walked 1½ blocks to a weeded lot where she lay down on the ground. The defense offered evidence that there had been an inch of snow on the ground the day before, and that the temperature on the 4th ranged from 33 to 48 degrees, with an average of 41.

The prosecutrix's answer to cross-examination as to when the first incident took place was "I just don't know exactly what month." In trying to remember when she first called the police, she stated, "I don't want to make no mistake about this, but it's been so long and I just can't get it all together." As to when she told her neighbors about the incidents, she said "I just can't remember the days and time."

In *Commonwealth v. Brown,* 217 Pa. Superior Ct. 190, 269 A. 2d 383 (1970), despite the fact that the preliminary hearing involved antedated the constitutional requirement of counsel imposed by *Coleman v. Alabama,* 399 U.S. 1 (1970), this Court held that lack of counsel at the hearing created such serious potential prejudice as to warrant a new trial. In *Brown,* the prosecutrix had failed to identify the appellant at the preliminary hearing. Here, the prosecutrix's hearing testimony failed to make out the *corpus delicti* of rape. Had counsel been present, there is a definite possibility that at least the charge of rape would have been dropped. Since appellant received the maximum sentence, the fact that he remained under indictment for the full crime clearly prejudiced him. In addition, cross-examination at the hearing might have exposed the prosecutrix's mental confusion.

The judgment of the court below is vacated and a new trial is granted.

WRIGHT, P. J., WATKINS and MONTGOMERY, JJ., would affirm on the opinion of the court below.