Herbert F. AHLSWEDE, Clark County Deputy Public Defender, on relation of Henry Deutscher, Petitioner-Appellant,

v.

Charles WOLFF, Director, Department of Prisons, and Robert Lippold, Superintendent, Maximum Security Prison, Respondents-Appellees.

No. 82–5831.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1983.

Decided Nov. 22, 1983.

David J. Burman, Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for petitioner-appellant.

Bruce Scott Dickinson, Las Vegas, Nev., for respondents-appellees.

Before CHOY and NORRIS, Circuit Judges, and NIELSEN,* District Judge.

PER CURIAM:

Henry Deutscher was convicted of murder and robbery in Nevada state court. His conviction was affirmed on appeal. *Deutscher v. State,* 95 Nev. 669, 601 P.2d 407 (1979). Deutscher now appeals the district court's denial of habeas corpus relief.

Deutscher changed lawyers between the time the district court denied habeas relief and the time this appeal was filed. The new lawyers would have us remand the case pending a determination by the state courts of other issues they are now raising. Although the "total exhaustion" rule requires a district court to dismiss a habeas petition containing both exhausted and unexhausted claims, *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Szeto v. Rushen,* 709 F.2d 1340, 1341 (9th Cir.1983), that rule does not apply to claims not presented in the petition. There is no mixed petition before us, as the only issues properly before this court are those in the petition. *Robinson v. Wade,* 686 F.2d 298, 304 & n. 12 (5th Cir.

---

* The Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

1982); *Miller v. Turner,* 658 F.2d 348, 350 (5th Cir.1981); *see Engle v. Isaac,* 456 U.S. 107, 124 n. 25, 102 S.Ct. 1558, 1569, 71 L.Ed.2d 783 (1982).

■ Deutscher contends that the lack of a speedy arraignment prejudiced him because he would have been released, if arraigned on the same day, for lack of probable cause. He is essentially saying that no probable cause existed at the time of arrest. Deutscher had a full and fair opportunity to litigate his fourth amendment claims before the state supreme court. Habeas corpus relief on this ground is therefore precluded. *Stone v. Powell,* 428 U.S. 465, 481–82, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976); *Myers v. Rhay,* 577 F.2d 504, 508–09 (9th Cir.), *cert. denied,* 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427 (1978).

[3] Deutscher claims that the delay in arraignment produced his confession, requiring suppression of the confession under the *McNabb-Mallory* rule or a parallel state rule, Nev.Rev.Stat. § 171.178. The *McNabb-Mallory* rule is a rule of federal criminal procedure, so it is not cognizable on a petition for habeas corpus. *See* 28 U.S.C. § 2254(a). The decision of the Nevada Supreme Court controls as to any rights Deutscher might have under Nev.Rev.Stat. § 171.178.

■ Deutscher argues that he was not allowed on cross-examination to elicit the residence address of a detective testifying for the prosecution. Disclosure of the residence address was unnecessary because Deutscher had ample information to identify the witness with his environment. *United States v. Fife,* 573 F.2d 369, 376–77 (6th Cir.1976), *cert. denied,* 430 U.S. 933, 97 S.Ct. 1555, 51 L.Ed.2d 777 (1977); *United States v. Alston,* 460 F.2d 48, 51–53 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 200, 34 L.Ed.2d 122 (1972). The witness gave his true name and occupation, described his professional background, and fully described his involvement with Deutscher.

■ A detective remarked during a videotaped interrogation that Deutscher's wife had said he was not home that night.

Deutscher complains that these remarks were hearsay erroneously admitted. There was other undisputed inculpatory evidence concerning Deutscher's whereabouts on the night of the murder. The error is harmless beyond a reasonable doubt, which precludes habeas corpus relief, *see, e.g., Olsen v. Ellsworth,* 438 F.2d 630, 631 (9th Cir.1971), *cert. denied,* 405 U.S. 1040, 92 S.Ct. 1319, 31 L.Ed.2d 580 (1972).

■ Deutscher asserts infringement of his right against self-incrimination because the prosecutor elicited testimony that Deutscher did not respond when asked about how two blood-stained $50 bills in his wallet became stained. Upon objection, the trial court struck the reference to the defendant's silence and admonished the jury accordingly. There is also other, overwhelming evidence of guilt in the record. The error, if any, was harmless. *United States v. Skinner,* 667 F.2d 1306, 1310 (9th Cir.1982); *United States v. Wycoff,* 545 F.2d 679, 682 (9th Cir.1976), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1135, 51 L.Ed.2d 556 (1977).

■ Deutscher complains of two closing remarks made by the prosecutor which seemed to refer to Deutscher's silence at trial. Neither remark was manifestly intended as, nor was of such character that the jury would naturally and necessarily take it to be, a comment on the failure to testify. *United States v. Fleishman,* 684 F.2d 1329, 1343–44 (9th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982); *United States v. Polizzi,* 500 F.2d 856, 890–91 (9th Cir.1974), *cert. denied,* 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975).

■ Deutscher argues that the trial court lacked jurisdiction to convict him because Las Vegas lies outside the state boundaries as set forth in the Nevada Constitution. The federal act ceding the land which contains Las Vegas stated that the land would become a part of Nevada when the state, through its legislature, consented. Act of May 5, 1866, ch. 73, § 2, 14 Stat. 43, 43. The state legislature did consent. *See Su-*

*rianello v. State,* 92 Nev. 492, 553 P.2d 942, 949 (1976). Under the Supremacy Clause, Las Vegas is within Nevada notwithstanding the Nevada Constitution.

Finally, Deutscher urges that he was denied due process because at the penalty phase of trial the jury was instructed on "rape" and "attempted rape" under a statute which had since been repealed and substituted with a "sexual assault" statute. Act of May 20, 1977, ch. 598, 1977 Nev.Stat. 1626. This court will not grant relief in habeas corpus unless the erroneous jury instructions rendered the trial so fundamentally unfair as to deny due process. *Myers v. Rhay,* 577 F.2d 504, 511 (9th Cir.), *cert. denied,* 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427 (1978); *Egger v. United States,* 509 F.2d 745, 749 (9th Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 74, 46 L.Ed.2d 61 (1975). The new statute defines sexual assault more broadly than does the old statute on rape. Any error committed was to Deutscher's benefit.

AFFIRMED.