HENRY DEUTSCHER, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 16901

September 4, 1986                                        724 P.2d 213

*Perkins Coie* and *David Burman,* Seattle, Washington; *Dean Breeze,* Las Vegas; *Lambrose, FitzSimmons & Perkins,* Carson City, for Appellant.

*Brian McKay,* Attorney General, *Robert Miller,* District Attorney, and *James Tufteland,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Henry Deutscher appeals from the denial of his second petition for post-conviction relief.

Henry Deutscher was convicted of first degree murder and robbery and sentenced to death and fifteen consecutive years in prison. On October 18, 1979, this court affirmed Deutscher's conviction and sentence. *See* Deutscher v. State, 95 Nev. 669, 601 P.2d 407 (1979). Deutscher then petitioned the U.S. district court for a writ of habeas corpus. The U.S. district court ordered Deutscher to petition the Nevada district court for post-conviction relief. He did so. The Nevada district court denied Deutscher post-conviction relief. This court dismissed Deutscher's appeal from the Nevada district court's denial of post-conviction relief. The U.S. district court thereafter denied Deutscher habeas corpus relief.

Deutscher was represented in foregoing proceedings by the public defender's office. After the U.S. district court denied Deutscher habeas corpus relief, Deutscher's present counsel replaced the public defender as Deutscher's counsel.

Deutscher then unsuccessfully appealed the U.S. district court's denial of habeas corpus relief. Ahlswede v. Wolff, 720 F.2d 1108 (9th Cir. 1983), *cert. denied,* 106 S.Ct. 225 (1984). On May 18, 1983, Deutscher again petitioned the Nevada district court for post-conviction relief for a second time. The district court held an evidentiary hearing. The district court found that Deutscher had not been denied effective trial or appellate counsel. The district court also found that Deutscher had not shown good cause for his failure to file his petition within one year of this court's resolution of his direct appeal, NRS 177.315(3),[1] or to raise on direct appeal or in his first petition for post-conviction relief, NRS 177.375(2),[2] his remaining eleven assignments of error. Finally, the district court found that Deutscher's remaining eleven assignments of error were meritless. The district court denied Deutscher's second petition for post-conviction relief.

Deutscher argues on appeal that the district court erred in denying his second petition for post-conviction relief. We disagree. The district court correctly found that Deutscher had not

---

[1]NRS 177.315(3) (emphasis added) provides:

Unless there is *good cause* shown for delay, a proceeding under NRS 177.315 to 177.385, inclusive, shall be filed within 1 year following entry of judgment of conviction or, if an appeal has been taken from such judgment, *within 1 year from the final decision upon or pursuant to the appeal.*

[2]NRS 177.375(2) (emphasis added) provides, in pertinent part:

If the petitioner's conviction was the result of a trial, all claims for post-conviction relief are waived which were or could have been:

. . .

(b) Raised in a *prior petition for post-conviction relief;* or raised in *any other proceeding* that the petitioner has taken to secure relief from his conviction or sentence, unless the court finds *good cause* shown for the failure to present such claims.

been denied effective trial or appellate counsel. Strickland v. Washington, 466 U.S. 668 (1984). The district court also correctly found that Deutscher had not shown good cause for it to address his remaining eleven assignments of error. NRS 177.315(3); NRS 177.375(2). We, therefore, affirm the district court's denial of Deutscher's second petition for post-conviction relief.