977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vantrae GREGORY, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 91-55014.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1992.
Decided Oct. 6, 1992.
 
 Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Several issues regarding trial counsel's alleged ineffectiveness were raised on appeal, but "the only issues properly before this court are those in the petition." Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1983), cert. denied sub nom. Deutcher v. Wolff, 469 U.S. 873 (1984). We are mindful that "pro se petitions should be liberally construed," Wallace v. Lockhart, 701 F.2d 719, 727 (8th Cir.) cert. denied, 464 U.S. 934 (1983), but even reading the petition in the light most favorable to Gregory, only the claim challenging the closing argument was properly presented below. We therefore dismiss the other claims. If state avenues for relief remain, appellant can raise his new claims there, Rose v. Lundy, 455 U.S. 509, 518-19; if the state avenues are foreclosed he can return to the district court subject, of course, to the doctrine of abuse of the writ. See McClesky v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 3
 Addressing the merits of the properly raised claim, we affirm the district court's conclusion that the decision to raise accident as a possible defense in closing argument did not fall below the level of "reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687 (1984). Defense counsel's approach was within the "wide latitude counsel must have in making tactical decisions." Id. at 689.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3