990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis Ray BROWN, Petitioner-Appellant,
v.
Samuel A. LEWIS, et. al., Respondents-Appellee.
 No. 92-15134.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1993.*
Decided March 23, 1993.
 
 Before WILLIAM A. NORRIS, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Ray Brown appeals the denial of his petition for writ of habeas corpus. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. This court has jurisdiction pursuant to 28 U.S.C. § 2253. For the reasons stated below, we affirm.
 
 
 3
 * Mr. Brown contends that he received ineffective assistance of counsel at trial. He argues that Patricia Scott's representation was inadequate because she failed to inform him of the potential ramifications of the plea bargain agreement offered by the state. According to Mr. Brown, the state's plea offer called for a sentence of forty-five to fifty years in prison. This would have made him eligible for parole in fifteen years. Mr. Brown claims that this fact was never disclosed to him, and that had it been, he would have accepted the state's offer.
 
 
 4
 Mr. Brown's argument is meritless. At the evidentiary hearing, Ms. Scott testified that the state's plea offer called for a sentence of life imprisonment with eligibility for parole after twenty-five years, and that this offer was fully disclosed to Mr. Brown.[1] The magistrate adopted Ms. Scott's version of the facts.
 
 
 5
 We accept the magistrate's findings because there has been no showing that they are clearly erroneous. While Mr. Brown and Mr. Adams offered testimony at the evidentiary hearing that conflicted with Ms. Scott's recollection of the facts, the magistrate was in a unique position to evaluate the credibility of the witnesses. Anderson v. Bessemer City, 470 U.S. 564, 573-575 (1985). We are confident in his conclusion that Ms. Scott's testimony was more reliable. This is especially true given the self-serving nature of Mr. Brown's and Mr. Adams' testimony and the fact that their versions of the state's plea offer were inconsistent.[2]
 
 II
 
 6
 Mr. Brown also contends that he was denied his Sixth Amendment right to counsel because: (1) Ms. Scott had a conflict of interest in representing both Mr. Brown and Mr. Adams; (2) Ms. Scott had no experience in conducting murder defenses; and (3) Ms. Scott did not interview potential witnesses. Mr. Brown failed to raise these claims in his habeas petition before the district court. As a result, we refuse to consider them here. See Willard v. People of State of Cal., 812 F.2d 461, 465 (9th Cir.1987); Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1984).
 
 III
 
 7
 We hold that Mr. Brown did not receive ineffective assistance of counsel. He has failed to show that Ms. Scott's representation fell below an objective standard of reasonableness as required by Strickland v. Washington, 466 U.S. 668, 687-690 (1984). Therefore, the decision of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As part of this plea offer the state agreed to forgo seeking imposition of the death penalty
 
 
 [2]
 We also conclude that Ms. Scott's failure to put the terms of the state's plea offer in writing does not amount to unprofessional conduct. Petitioner cites no authority which provides that counsel must confirm the terms of a plea offer in writing