8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold B. SHAMBURGER, Petitioner-Appellant,
v.
James ROWLAND, Director, California Department of
Corrections, Respondent-Appellee.
 No. 92-15664.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1993.
Decided Oct. 13, 1993.
 
 Before: POOLE, BOOCHEVER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harold Shamburger, a California state prisoner, appeals the district court's dismissal of his habeas corpus petition challenging his conviction for first degree murder. Shamburger argued that his trial was fundamentally unfair because the trial court improperly admitted evidence concerning his involvement in a subsequent murder, and there was insufficient evidence to support his murder conviction under either a premeditation or a lying-in-wait theory. We have jurisdiction under 28 U.S.C. § 2253 and vacate and remand.
 
 
 3
 Shamburger was convicted of first degree murder and was sentenced to an indefinite term of 25 years to life in prison. Shamburger appealed to the California Court of Appeal and his conviction was affirmed. His petition to the California Supreme Court was denied. In each appeal, Shamburger challenged the sufficiency of the evidence and the improper admission of evidence.
 
 
 4
 On February 16, 1990, Shamburger filed his habeas petition in the district court. He argued that the trial court improperly admitted evidence and that the evidence was insufficient to support his conviction. On June 18, 1991, the district court filed an order in which it said that Shamburger's petition based on the admission of evidence and his sufficiency claim based on lying-in-wait were denied. Nevertheless, the district court identified a third claim involving the admissibility of evidence regarding the victim's state of mind before his murder. Although Shamburger's petition did not specifically challenge the admissibility of that evidence, the district court gave the parties "thirty days to file briefs addressing the concerns raised by the admission of the questionable evidence."
 
 
 5
 The parties filed supplemental briefs. Neither party argued that the issue was not properly before the court. Shamburger suggested that the court should address it. The Attorney General argued that the claim was not exhausted and that a dismissal of the entire matter would be proper. On August 1, 1991, the district court issued its second order, in which it concluded that Shamburger had failed to object to the admission of the evidence relating to the victim's state of mind on direct appeal. Thus, this "claim" was unexhausted and the district court dismissed Shamburger's petition. The district court's judgment, filed August 2, 1991, ordered that its August 1, 1991 order be entered accordingly.
 
 
 6
 Generally, a state prisoner must exhaust his available remedies in state court before bringing a habeas petition in federal court. 28 U.S.C. §§ 2254(b) & (c). It is well established that a district court must dismiss a mixed petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988) (per curiam).
 
 
 7
 A petition is not "mixed" if the unexhausted claims are not presented in the petition. "Although the 'total exhaustion' rule requires a district court to dismiss a habeas petition containing both exhausted and unexhausted claims, that rule does not apply to claims not presented in the petition.... [T]he only issues properly before this court are those in the petition." Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1983) (per curiam), cert. denied, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 155 (1984). Thus, where the petitioner raises an unexhausted claim during the course of proceedings but fails to amend his petition to include that claim, the petition does not become "mixed." Jones v. Parke, 734 F.2d 1142, 1145 (6th Cir.1984). Similarly, a petition does not become "mixed" if the unexhausted claim is raised by the district court. Lacy v. Gabriel, 732 F.2d 7, 11-12 (1st Cir.), cert. denied, 469 U.S. 861, 105 S.Ct. 195, 83 L.Ed.2d 128 (1984); cf. Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 8
 Here, Shamburger's petition did not challenge the admissibility of the victim's state of mind evidence, and it is undisputed that Shamburger exhausted all of the claims in the petition. The district court raised the issue concerning the admissibility of the victim's state of mind evidence and ordered briefing by the parties. Nothing suggests that Shamburger amended or sought to amend his petition to add the state of mind evidentiary challenge. See Lacy, 732 F.2d at 12. The district court's action alone could not convert Shamburger's otherwise valid petition into a "mixed" petition requiring dismissal. See Lacy, 732 F.2d at 12; Ahlswede, 720 F.2d at 1109. Thus, the district court's dismissal on exhaustion grounds was improper. At argument before us, Shamburger's counsel indicated that Shamburger chose not to pursue a state of mind claim. Perhaps Shamburger should have more clearly informed the district court of that position. It would then, no doubt, have decided the case on the merits rather than dismissing it on exhaustion grounds. Of course, if Shamburger continues to adhere to that resolve, he will probably be precluded from raising the issue in any future federal habeas corpus petition. See McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).
 
 
 9
 We vacate the judgment and remand to the district court for further proceedings in which the district court shall consider the merits of Shamburger's petition.
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3