19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Clyde WOOD, Plaintiff-Appellant,
v.
Manfred MAASS, Superintendant, et al., Defendants-Appellees.
 No. 93-35127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Clyde Wood, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Wood claims that the defendants deprived him of his constitutional right of access to the courts by interfering with the dispatch and delivery of his legal mail between September 5, 1989 and August 30, 1990.[1] In addition, Wood contends that the district court erred by dismissing his claim without affording him an opportunity to obtain discovery. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992), and affirm.
 
 
 3
 Prison authorities must provide inmates with meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). If an inmate's claims do not involve the denial of access to adequate law libraries or legal assistance, the inmate must allege an actual injury, or a specific instance in which the inmate was actually denied court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 4
 The district court is permitted to consider only the contents of the complaint in determining whether to dismiss a complaint for failure to state a claim. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir.1992). In determining the sufficiency of a complaint, the issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir.1988).
 
 
 5
 Here, among Wood's numerous mail interception claims,[2] the closest he comes to alleging actual injury is alleging that defendants caused him to lose an appeal right when they intercepted an "affidavit of poverty" he mailed to a public defender. Although Wood was given leave to amend, he was unable to provide any specific information on this claim, including what appeal action he is referring to, information regarding its dismissal or the relationship of the intercepted document to the dismissal. Because Wood was unable to allege that he sustained specific, actual injury from defendants' alleged conduct, his Sec. 1983 action is deficient. See Sands, 886 F.2d at 1171.
 
 
 6
 Moreover, because Wood's complaint could be dismissed based on the pleadings alone, his claim that the district court erred by not affording the opportunity for discovery lacks merit. See Holden, 978 F.2d at 1118; Emrich, 846 F.2d at 1198.
 
 
 7
 Accordingly, the district court did not err by dismissing Wood's 42 U.S.C. Sec. 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wood also raises three new issues for the first time on appeal, claiming that he is receiving incompetent medical and legal assistance, and that he should serve the remainder of his sentence in California. Wood did not include these claims in his complaint, and the district court did not address them below. Thus, Wood is precluded from raising these issues for the first time on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987); Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1983), cert. denied, 469 U.S. 873 (1984)
 
 
 [2]
 Wood alleges that: (a) on September 5, 1989, a letter addressed to his counsel was not delivered, causing him to lose appeal rights; (b) on November 17, 1989, a letter addressed to Redmond City, California containing legal documents was intercepted and opened by defendants and never delivered; (c) during November and December 1989 and January 1990, several letters addressed to Virginia Beach, Virginia and Gulfport, Mississippi were cut open, read and stapled by defendants; (d) on two occasions in April 1990 legal papers mailed from his legal advisors in California were not delivered; (e) on June 1, 1991, Wood mailed a legal brief to advisors in Gulfport Mississippi; defendants opened the envelope, removed the brief, and replaced it with a copy of an obsolete brief; the brief was not delivered nor returned to him; (f) on August 30, 1990, defendants opened an envelope marked as legal mail and removed a brief before mailing it