79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Perry SIMS, Petitioner-Appellant,
v.
B.J. BUNNELL, Warden; State of California; California
Department of Corrections, Respondents-Appellees.
 No. 95-16311.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1996.*
Decided March 13, 1996.
 
 Before: HUG, Chief Judge, SNEED and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sims argues that the evidence was insufficient to show premeditation and deliberation. When reviewing Sims's claim of insufficient evidence to support a conviction for first degree murder, we do not determine whether the evidence established guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Payne v. Borg, 982 F.2d 335, 339 (9th Cir.1992). Rather, the question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. See Payne, 982 F.2d at 338. "[I]f the historical facts would support conflicting inferences, the federal court 'must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.' " Payne, 982 F.2d at 338 (quoting Jackson, 443 U.S. at 326).
 
 
 3
 Premeditation and deliberation requires proof that the killing was " 'preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill which was ... formed upon pre-existing reflection.' " People v. Perez, 9 Cal.Rptr.2d 577, 580 (1992) (quoting Cal.Jury Instruction No. 8.20). The duration of time of the reflection is irrelevant. People v. Wright, 217 Cal.Rptr. 212, 223 (1985). Deliberation and premeditation distinguish first degree murder from those "which are the result of mere unconsidered and rash impulses hastily executed." See id.
 
 
 4
 A rational trier of fact could have found that the killing was preceded by a clear, deliberate intent on Sims's part to kill, which was formed upon pre-existing reflection. He had repeatedly stated his opinion, in the course of the evening, that the victim was an "asshole." He had reason to be angry with the victim, because the victim was interfering with his attempt to obtain Ms. Clay's company. His comments to the victim as the altercation began, that he was an "asshole," and "[d]on't mess with what I am doing," allows for an inference of an intention to engage in deadly battle, when combined with the other evidence. There was evidence from which the jury could infer that Sims reached into his car and obtained the gun from under the driver's seat, which allowed for an inference that he intended to shoot the victim. The victim's wife testified that she held Sims's companion, thinking he would harm her husband, and the companion said, "Hey, hey, I'm not trying to hurt him, I'm trying to save his life." A rational trier of fact could infer that the circumstances gave rise to a perception by a knowledgeable person on the scene that Sims intended to take the victim's life. Sims presented an elaborate self-defense theory in his own testimony, and the jury could have inferred that he was lying, and from the fact that he lied, inferred that the truth was contrary to his penal interest. The fact that Sims shot the victim repeatedly supported an inference that he meant to kill the victim, not just stop him. All the evidence taken together could give rise to a rational inference that he reflected upon whether to kill the victim and made a deliberate decision to do so.
 
 
 5
 Sims also argues that he received ineffective assistance of counsel, because trial counsel did not present the diminished capacity defense. The government argues that the ineffective assistance claim was not exhausted in the state courts or adequately raised in Sims's petition, so we cannot hear it. See Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1983); Rose v. Lundy, 455 U.S. 509, 522 (1982).
 
 
 6
 The California court of appeal stated that "[Sims] contends that trial counsel was ineffective because he failed to offer ... expert opinion evidence regarding [his] mental state at the time of the killing." Sims, A017161, slip op. at 11 (Cal.Ct.App. April 13, 1983). In his petition, Sims raised as a basis for habeas relief, "counsel's failure to offer ... expert opinion evidence regarding appellant's mental state at the time of the killing, denied appellant adequate representation." We therefore conclude that the issue is properly before us.
 
 
 7
 Sims fails to demonstrate that counsel's performance was deficient. See Paradis v. Arave, 20 F.3d 950, 959 (9th Cir.1994). Sims must overcome a "strong presumption" of competency. Id. (quoting Smith v. Ylst, 826 F.2d 872, 875 (9th Cir.1987)).
 
 
 8
 Sims's attorney presented a theory of self-defense. Sims himself testified that the victim took a tire iron from his car and approached Sims with the tire iron raised over his head. Sims fired twice into the ground, but the victim continued to approach him with the tire iron raised. Sims then shot the victim dead. If the jury believed Sims, he would likely have been acquitted on the theory that the victim was attacking him with the means and apparent intent to kill or grievously injure Sims. This theory would have been undermined had Sims's attorney presented evidence that Sims was too drunk, and too mentally impaired, to reflect upon his perceptions and form a clear intention. In addition, neither the expert testimony nor the relatively low blood alcohol level would have given much support to the proposition that Sims did not have the capacity to premeditate and deliberate. It is not ineffective assistance for counsel to choose not to present a mental impairment defense which would undermine a different defense presented to the jury. See Harris v. Vasquez, 949 F.2d 1497, 1525 (9th Cir.1990) (counsel may choose not to present defense that could conflict with alibi defense and mitigation).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3